# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK KRAVIS, INC.,<br><br>                              Plaintiff,<br>vs.<br>FRANKING FUELING SYSTEMS, INC., individually and dba; HEALY SYSTEMS, INC.; FRANKLIN ELECTRIC CO., INC.; and DOES 1 through 50, inclusive,<br><br>                              Defendants. | CASE NO. 07cv0483WQH<br><br>**ORDER** |

HAYES, Judge:

The matter pending before the Court is the amended motion to dismiss Plaintiff's first amended complaint ("FAC") (Doc. # 18), filed by Defendants Franklin Fueling Systems, Inc. ("Franklin Fueling") and Franklin Electric Co., Inc. ("Franklin Electric").

**Procedural History**

On February 17, 2007, Mark Kravis, Inc. ("Plaintiff") commenced an action against Franklin Fueling and Healy Systems, Inc. ("Healy") in the Superior Court of California. On March 16, 2007, Franklin Fueling removed the case to federal court (Doc. #1). On March 23, 2007, Franklin Fueling filed a motion to dismiss (Doc. #4). On May 16, 2007, Plaintiff filed a FAC, which added Franklin Electric as a Defendant (Doc. # 12). On June 8, 2007, Franklin Fueling and Franklin Electric filed an amended motion to dismiss (Doc. #18), and Healy filed an amended answer to the FAC (Doc. #19).

## Allegations in Plaintiff's FAC

On or about October 27, 1999, Plaintiff entered into a written contractual agreement ("Agreement") with Healy in which Plaintiff agreed to serve as Healy's sales representative for the state of California. *FAC*, ¶ 7. On or about September 22, 2003, Plaintiff and Healy amended the Agreement to add the state of Washington and the state of Oregon to Plaintiff's sales territory. *Id.* at ¶ 8. In August, 2006, Healy breached the Agreement by reducing Plaintiff's compensation from the agreed-upon 8.5% of his earnings to a lower amount. *Id.* at ¶ 9. On September 6, 2006, Plaintiff gave Healy 30 days notice that he would be terminating their relationship. *Id.* at ¶ 10.

Prior to the expiration of the thirty day notice, Plaintiff discovered Franklin Fueling and/or Franklin Electric acquired Healy. *Id.* at ¶ 11. After the acquisition, Arthur Boroff, the sales manager for "defendants, and each of them," asked Plaintiff to withdraw his termination. *Id.* at ¶ 12. Boroff orally represented to Plaintiff that Don Kenney, President of Franklin Fueling and Healy, and spokesman for Franklin Electric, agreed to pay Plaintiff the difference between the agreed-upon 8.5% compensation under the Agreement and the amount Plaintiff actually received. *Id.* at ¶ 13. Boroff orally represented on behalf of the "new company" that Plaintiff would continue to receive compensation at the 8.5% rate if he continued his sales efforts. *Id.* at ¶ 14.

On September 26, 2006, in reliance on Boroff's representations, Plaintiff withdrew his notice of termination. *Id.* at ¶ 15. On September 27, 2006, Plaintiff received a check from Kenney paying him the difference between the agreed-upon 8.5% compensation under the Agreement and the amount Plaintiff actually received. *Id.* Plaintiff continued to perform services until January 31, 2007. *Id.* On or about December 6, 2006, Plaintiff received a letter from Franklin Fueling terminating the Agreement. *Id.* at ¶ 17. At this time, Franklin Fueling, Franklin Electric and/or Healy owed Plaintiff compensation in the sum of $489,459.83 for services performed pursuant to the Agreement, as adopted by Franklin Fueling and Franklin Electric. *Id.*

Plaintiff seeks damages for breach of contract, intentional misrepresentation and

negligent misrepresentation, and a judicial declaration that Franklin Fueling and/or Franklin Electric acquired Healy, that Franklin Fueling and/or Franklin Electric subsequently formed a new agreement to pay Plaintiff for services performed, and that Franklin Fueling and/or Franklin Electric adopted the Agreement after acquiring Healy.

### **Franklin Fueling and Franklin Electric's Amended Motion to Dismiss**

Franklin Fueling and Franklin Electric move to dismiss the FAC, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Franklin Fueling and Franklin Electric assert that the FAC fails to state a claim for the following reasons: (1) the FAC fails to allege any basis for claiming that Franklin Fueling or Franklin Electric owed Plaintiff contractual obligations, and (2) the FAC fails to identify any misrepresentations made by, or on behalf of Franklin Fueling and/or Franklin Electric. Franklin Fueling and Franklin Electric also move to dismiss Plaintiff's claims against "Does 1 through 50."

### **Standard of Review**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings. *See De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the right to relief above the speculative level. *See Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Conversely, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show that the pleader is entitled to relief. *See id.* (citing Fed R. Civ. P. 8(a)(2)). In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003); *see also Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996).

---

[1] Plaintiff "admits that it had no direct communications with Franklin Electric, and will stipulate to the dismissal of that defendant, without prejudice." *Opposition to Mot. to Dismiss,* p. 3. In the same document, Plaintiff states he "has properly alleged a claim against each of the named defendants. Therefore, the motion of [Franklin Fueling and Franklin Electric] to be dismissed from the case . . . should be denied." *Id.* at 5. Since Plaintiff has not filed a stipulation dismissing Franklin Fueling and this motion is on the pleadings, the Court includes Franklin Electric in this motion.

## Discussion

**I. Breach of Contract**

Franklin Fueling and Franklin Electric move to dismiss Plaintiff's breach of contract claim on grounds that the FAC fails to allege they are parties to any contract with Plaintiff. Franklin Fueling and Franklin Electric contend that the FAC contains only conclusory allegations that Franklin Fueling and/or Franklin Electric acquired Healy, formed a new agreement to pay Plaintiff for services performed after acquiring Healy, and adopted the Agreement with Healy. *Mot. to Dismiss,* p. 4-5. Franklin Fueling and Franklin Electric contend that the allegations in the FAC contradict Plaintiff's claim that he had a contract with Franklin Fueling and/or Franklin Electric. Franklin Fueling and Franklin Electric contend that Boroff, who allegedly represented to Plaintiff that Franklin Fueling and/or Franklin Electric would pay Plaintiff for future services and adopt the terms of the Agreement, worked for Healy, and therefore could not contract on behalf of Franklin Fueling and/or Franklin Electric. *Reply to Opposition to Mot. to Dismiss,* p. 4.

In order to state a claim for breach of contract, a plaintiff must allege: (1) the existence of a contract, (2) performance by the plaintiff or excuse for nonperformance, (3) breach by the defendant, and (4) damages. *First Commercial Mortgage Co. v. Reece,* 89 Cal. App. 4th 731, 745 (Cal. Ct. Appeal 2001); 4 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 476, p. 570. Plaintiff alleges that Franklin Fueling and Franklin Electric adopted the Agreement, and that Mr. Boroff, the sales manager for "defendants, each of them," represented that Franklin Fueling and/or Franklin Electric would pay him pursuant to the terms of the Agreement if Plaintiff continued to work for the new company." *FAC,* ¶¶ 12-14, 18. A reasonable inference to be drawn from these allegations is that Plaintiff believes Boroff had authority to contract on behalf Franklin Fueling and Franklin Electric. Plaintiff alleges "performance by the plaintiff" through his allegation that he withdrew his notice of termination and continued to perform services for the Defendants. *Id.* at ¶¶ 15-16. Plaintiff further alleges "breach by the defendant" through his allegation that "Defendants, each of them, breached the said contract when they failed to pay plaintiff the . . .

1  commissions it was due for services performed . . . between August, 2006, and January 31,
2  2007." *Id.* at ¶¶ 28-29.  Finally, Plaintiff alleges damages through his allegation that he is
3  entitled to compensation in the sum of $489,459.83 as a result of Defendants' breach. *Id.* at
4  ¶¶ 18, 30.  Viewing the allegations in the light most favorable to Plaintiff, the Court finds
5  that the FAC alleges facts that could support a claim for breach of contract.  Defendant
6  Franklin Fueling and Defendant Franklin Electric's amended motion to dismiss Plaintiff's
7  cause of action for breach of contract is **DENIED**.

**II. Intentional and Negligent Misrepresentation**

9  Franklin Fueling and Franklin Electric move for dismissal of Plaintiff's intentional
10 misrepresentation and negligent misrepresentation claims on grounds that the FAC fails to
11 allege any representations made by, or on behalf of Franklin Fueling or Franklin Electric.
12 Franklin Fueling and Franklin Electric contend that Plaintiff "alleges only that the Vice
13 President of Sales for Healy made certain representations to him and that he received a
14 check from Don Kenney, the president of Healy," and that therefore the FAC contains no
15 allegation of any representation made to Plaintiff by Franklin Fueling or Franklin Electric.
16 *Mot. to Dismiss,* p. 5.

17  To state a claim for intentional misrepresentation, a plaintiff must allege: (1) a
18 misrepresentation, (2) knowledge that the representation was false, (3) intent to induce
19 reliance on the misrepresentation, (4) justifiable reliance on the misrepresentation, and (5)
20 resulting damage.  *Agosta v. Astor,* 120 Cal. App. 4th 596, 599, 603 (Cal. Ct. Appeal
21 2004); 5 Witkin Summary of Cal. Law (10th ed. 2005) Torts, § 772, p. 1121.  To state a
22 claim for negligent misrepresentation, a plaintiff must allege: (1) a misrepresentation, (2)
23 made without any reasonable ground for believing the representation was true, (3) intent to
24 induce reliance on the misrepresentation, (4) justifiable reliance on the misrepresentation,
25 and (5) resulting damage.  *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1201 (9th Cir.
26 2001); 5 Witkin Summary of Cal. Law (10th ed. 2005) Torts, § 818, p. 1181.

27  First, Plaintiff alleges a misrepresentation through his allegation that Boroff
28 misrepresented to Plaintiff that if he withdrew his notice of termination and continued his

sales efforts on behalf of the "new company" he would continue to receive compensation at the rate provided in the Agreement. *FAC*, ¶¶ 13-14, 30. Second, Plaintiff alleges the requisite knowledge for both his intentional and negligent misrepresentation claims through his allegation that the misrepresentation was "then and there known to be false by defendants." *Id.* at *¶* 32. Third, Plaintiff alleges intent to induce reliance on the misrepresentation through his allegation that the purpose of Boroff's misrepresentation was to induce Plaintiff to continue to perform services. *Id.* at *¶* 33. Fourth, Plaintiff alleges his reliance on the misrepresentation was justified through his allegation that his "reliance . . . was justified because the defendants' promises were made contemporaneously with the payment of the amount plaintiff had been been shorted by Healy in his most recent commission payment." *Id.* at ¶¶ 33-34. Finally, Plaintiff alleges damages through his allegation that he has not been compensated for the services he performed in reliance on Defendants' misrepresentation. *Id.* at ¶ 35. Viewing the allegations in the light most favorable to Plaintiff, the Court finds that the FAC alleges facts that support a claim for intentional misrepresentation and negligent misrepresentation. Defendant Franklin Fueling and Defendant Franklin Electric's amended motion to dismiss Plaintiff's causes of action for intentional misrepresentation and negligent misrepresentation is **DENIED**.

**III. Declaratory Relief**

Franklin Fueling and Franklin Electric move for dismissal of Plaintiff's declaratory judgment claims on grounds that Plaintiff cannot state a claim for declaratory relief based on conclusory allegations, and that the FAC contains no factual allegations that Franklin Fueling and/or Franklin Electric have any contractual obligation to Plaintiff.

The Declaratory Judgment Act confers jurisdiction to declare the rights of interested parties in a case of actual controversy. 28 U.S.C. § 2201. Plaintiff alleges facts that support his claim that Franklin Fueling and Franklin Electric owe him contractual obligations pursuant to the Agreement with Healy and a new agreement to compensate Plaintiff for services he performed after Franklin Fueling and/or Franklin Electric acquired Healy. Viewing the allegations in the light most favorable to Plaintiff, the Court finds that

1  the FAC alleges facts that support the existence of a dispute between Plaintiff and Franklin
2  Fueling and Franklin Electric regarding their contractual obligations to one another.
3  Defendant Franklin Fueling and Defendant Franklin Electric's amended motion to dismiss
4  Plaintiff's causes of action for declaratory relief is **DENIED**.

5  **IV. Does 1 through 50**

6      Franklin Fueling and Franklin Electric contend that Plaintiff's claim against "Does 1
7  through 50" should be dismissed because claims against "Doe" defendants are not
8  recognized by the Federal Rules of Civil Procedure. *Mot. to Dismiss*, p. 6.

9      The Ninth Circuit disfavors the use of the John Doe device. *Gillespie v. Ciciletti*,
10  629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants will
11  not be known prior to the filing of a complaint, a plaintiff should be given an opportunity
12  through discovery to identify the unknown defendants. *Id.*

13      Plaintiff does not assert a need for discovery to identify unknown defendants.
14  Plaintiff also does not oppose the motion to dismiss his claims against fictitious Defendants
15  "Does 1 through 50." Franklin Fueling and Franklin Electric's amended motion to dismiss
16  "Does 1 through 50" is **GRANTED**.

17  **Conclusion**

18      IT IS HEREBY ORDERED that the amended motion to dismiss Plaintiff's FAC
19  (Doc. #18) filed by Defendants Franklin Fueling and Franklin Electric is **GRANTED** as to
20  "Does 1 through 50" and otherwise **DENIED.**

21  DATED: September 28, 2007

22
23                                          **WILLIAM Q. HAYES**
                                    United States District Judge

24
25
26
27
28