UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK KRAVIS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FRANKLIN FUELING SYSTEMS, INC., etc., et al., <br><br> Defendants. | Case No.: 07-CV-0483-WQH (JMA) <br><br> Hon. William Q. Hayes <br><br> Magistrate Judge Jan M. Adler <br><br> **STIPULATED PROTECTIVE ORDER** |

This action may involve discovery of documents and testimony not publicly available and containing confidential information including trade secrets, proprietary information, production information, customer lists and other commercial and financial data, or other material that falls within the scope of Rule 26(c)(7) of the Federal Rules of Civil Procedure, which, if disclosed other than as provided herein, would pose a risk of injury to the legitimate business interests of one or more of the parties. In order to protect the confidentiality of such Confidential Information as much as practicable, the parties have agreed to be bound by the terms of this Stipulated Protective Order ("Order").  IT IS ORDERED:

1. Counsel for any party may designate any document produced by that party, including interrogatory responses, other discovery responses, or transcripts, or information contained in such documents, as "Confidential" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and document designated by a party as confidential will be labeled "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "confidential information."

2. Third parties producing documents in the course of this action may also designate documents as "Confidential," subject to the same protections and constraints as the parties to the action.

3. Unless otherwise ordered by the Court, or otherwise provided for herein, the confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

4. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

5. Information or documents designated as "Confidential" shall not be disclosed to any person, except:

    a. The requesting party and counsel;

    b.    Employees of such counsel assigned to and necessary to assist in the litigation;

    c.    Consultants or experts to the extent deemed necessary by counsel;

    d.    Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain confidential information; and

    e.    The Court or the jury at trial or as exhibits to motions.

6.    Prior to disclosing or displaying the confidential information to any person, counsel shall:

    a.    Inform the person of the confidential nature of the information or documents; and

    b.    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or document to any person.

7.    The confidential information may be displayed to and discussed with the persons identified in Paragraph 5(c) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached as Exhibit A.

8.    All depositions or portions of depositions taken in this action that contain confidential information may be designated as "Confidential" and thereby obtain the protections accorded other confidential documents or information. Confidentiality

1  designations for depositions shall be made either on the record or by written notice to

2  the other party within thirty (30) days of receipt of the transcript.

3      9.    For the purpose of Paragraphs 5(e) it is understood by the parties that any
4  document which becomes part of an official judicial proceeding or which are filed with the
5  Court are public documents, and that such documents can and will be sealed by the
6  Court only upon motion in accordance with applicable law.  This Amended Protective
7  Order does not provide for the automatic sealing of such documents.

8      a.    Subject to public policy, and further court order, nothing shall be
9          filed under seal, and the Court shall not be required to take any
10         action, without separate prior order by the Judge before whom the
11         hearing or proceeding will take place, after application by the
12         affected party with appropriate notice to opposing counsel.

13     10.   At the conclusion of litigation, the confidential information and any copies
14 thereof shall be promptly (and in no event later than thirty (30) days after entry of a final
15 judgment no longer subject to further appeal) returned to the producing party or certified
16 as destroyed by counsel for the receiving party.  Attorneys shall be entitled to retain,
17 however, a set of all documents filed with the Court, all correspondence generated in
18 connection with the action, and a complete set of discovery requests, written responses
19 to discovery, deposition transcripts, and deposition exhibits.

20     11.   The foregoing is entirely without prejudice to the right of any party to apply
21 to the Court for any further Protective Order relating to confidential information; or to
22 object to the production of documents or information; or to apply to the Court for an order
23 compelling production of documents or information; or for modification of this Order.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12. Nothing in this Protective Order shall be construed to limit a party's use or disclosure of information or documents obtained without a restriction of confidentiality.

13. The obligations imposed by this Protective Order shall survive the termination of this action.

**IT IS SO ORDERED**.

DATED:  February 29, 2008

_____
Jan M. Adler
U.S. Magistrate Judge

STIPULATED AND AGREED:

Date: February 22, 2008

/s/ Daniel J. Lowther

LAW OFFICES OF DANIEL J. LOWTHER
Daniel J. Lowther (CSB#8722)
777 South Highway 101, Suite 200
Solana Beach, CA 92075-2624
Telephone: (858) 259-7765
Facsimile: (858) 259-9440
dan@lowtherlawfirm.com

Attorneys for Plaintiff,
MARK KRAVIS, INC.

Date: February 22, 2008

/s/ Daska P. Babcock

SCHIFF HARDIN LLP
Daska P. Babcock (CSB #215172)
One Market Plaza
Spear Street Tower, 32nd Floor
San Francisco, CA 94105
Telephone:   (415) 901-8700
Facsimile:   (415) 901-8701
dbabcock@schiffhardin.com

and

SCHIFF HARDIN LLP
John A. Bannon (*Pro Hac Vice*)
6600 Sears Tower
Chicago, IL 60606
Telephone:   (312) 258-5500
Facsimile:   (312) 258-5600
jbannon@schiffhardin.com

Attorneys for Defendants,
FRANKLIN FUELING SYSTEMS, INC.,
FRANKLIN ELECTRIC CO., INC., and
HEALY SYSTEMS, INC.